UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
DERRICK LLOYD,

           Petitioner,

    — against —                          **MEMORANDUM and ORDER**

MONTGOMERY CITY JAIL, MONTGOMERY          08-CV-2762 (SLT)
COUNTY DETENTION FACILITY, and
NEW YORK PARDON AND PAROLE,[1]

           Respondent.
------------------------------------------------------------X
**TOWNES, United States District Judge:**

        On June 30, 2008, *pro se* petitioner Derrick Lloyd filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction in the Supreme Court of New York, Queens County on December 19, 1985. For the reasons set forth below, the Court cannot consider the instant petition and transfers it to the United States Court of Appeals for the Second Circuit.

## DISCUSSION

        Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Once the petitioner has made such a motion, "[t]he court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

---

[1]The proper respondent in a habeas corpus petition is the officer having custody of the applicant. Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Here, prior to filing the instant petition, petitioner previously challenged the same conviction by filing a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Lloyd v. Riley*, No. 88-CV-2847 (*filed* Sept. 14, 1988). The prior petition was denied by Judge I. Leo Glasser by a Memorandum and Order dated May 3, 1990. *See Lloyd v. Riley*, No. 88-CV-2847, 1990 WL 59592 (E.D.N.Y. May 3, 1990), *aff'd*, 930 F.2d 911 (2d Cir. 1991). There is no evidence that petitioner has filed a motion with or obtained the requisite authorization from the United States Court of Appeals for the Second Circuit regarding his successive petition. Therefore, petitioner must move in the Second Circuit for permission to pursue the instant petition.

Petitioner is advised that any motion to the Second Circuit must show that the new claim being raised by the instant petition:

> (A) . . . relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (B)(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

In the interest of justice, the Court transfers this matter to the United States Court of Appeals for the Second Circuit. 28 U.S.C. § 1631; *Torres v. Senkowski*, 316 F.3d 147, 151 (2d Cir. 2003) (citing *Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam)).

This Order closes this case. If the Second Circuit authorizes petitioner to proceed in this matter, petitioner shall move to reopen under this docket number.

SO ORDERED.

Dated: Brooklyn, New York
July 23, 2008

*Sandra L. Townes*
SANDRA L. TOWNES
United States District Judge